1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   Meghan E. George (SBN 274525)
3  Thomas E. Wheeler (SBN 308789)
4  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
   21550 Oxnard St., Suite 780
5  Woodland Hills, CA 91367
   Phone: 877-206-4741
6  Fax: 866-633-0228
7  tfriedman@toddflaw.com
8  abacon@toddflaw.com
   mgeorge@toddflaw.com
9  twheeler@toddflaw.com
10 *Attorneys for Plaintiff*

11
12
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

13  MICHELLE ENGEBRETSON, on            ) Case No.
14  behalf of herself and all others similarly )
15  situated,                            )
                                         ) **CLASS ACTION**
16  Plaintiff,                           )
                                         ) **COMPLAINT FOR VIOLATIONS**
17                                       ) **OF:**
        vs.                              )
18                                       )  1.  NEGLIGENT VIOLATIONS
19  NAVY FEDERAL CREDIT UNION;           )      OF THE TELEPHONE
    and DOES 1 through 10, inclusive, and )      CONSUMER PROTECTION
20  each of them,                        )      ACT [47 U.S.C. §227 ET
                                         )      SEQ.]
21                                       )  2.  WILLFUL VIOLATIONS
    Defendants.                          )      OF THE TELEPHONE
22                                       )      CONSUMER PROTECTION
23                                       )      ACT [47 U.S.C. §227 ET
                                         )      SEQ.]
24                                       )
                                         ) **DEMAND FOR JURY TRIAL**
25

26     Plaintiff MICHELLE ENGEBRETSON ("Plaintiff"), on behalf of herself
27 and all others similarly situated, alleges the following upon information and belief
28 based upon personal knowledge:

---
**CLASS ACTION COMPLAINT**
-1-

# NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of NAVY FEDERAL CREDIT UNION ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy and causing him to incur unwanted and unnecessary charges.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the

Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….ced" Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION & VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a Federal Question, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*.

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant does business within the state of California and placed its calls to Plaintiff who resides in this District.

## PARTIES

8. Plaintiff, MICHELLE ENGEBRETSON ("Plaintiff"), is a natural person and is a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant, NAVY FEDERAL CREDIT UNION ("Defendant"), is a banking and lending service provider and collector and is a "person" as defined by 47 U.S.C. § 153 (39).

10. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the

Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS**

12. From around September of 2017, Defendant contacted Plaintiff on his cellular telephone, ending in -5567, in an attempt to collect an alleged outstanding debt owed.

13. Defendant placed weekly calls to Plaintiff's cellular telephone from telephone numbers confirmed to belong to Defendant, including, but not limited to (703) 272-2013.

14. When Plaintiff answered the calls, there would be an audible delay prior to being transferred to a representative of Defendant.

15. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed by Plaintiff.

16. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls

pursuant to *47 U.S.C. § 227(b)(1)*.

18.   On repeated occasions, including at least September 12, 2017, Plaintiff answered Defendant's telephone call and informed an agent for Defendant that she did not want to be called by Defendant further and that she revoked consent to be called.  Despite this, Defendant continued to place near weekly calls seeking to collect on the underlying debt.  The underlying debt had also been discharged in bankruptcy.

19.   Accordingly, after Plaintiff explicitly revoked consent to be called, Defendant never again received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## **CLASS ALLEGATIONS**

20.   Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior consent to receiving such calls within the four years prior to the filing of this Complaint.

21.   Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior to consent to receiving such calls within the four years prior to the filing of this Complaint.

22. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

23. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

24. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

25. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a

cellular telephone service;

    b.    Whether Defendant's revocation policies complied with the TCPA;

    c.    Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

    d.    Whether Defendant should be enjoined from engaging in such conduct in the future.

26. As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

27. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

28. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

29. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227 et seq.

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

33. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

34. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227 et seq.

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

37. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

38. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

///

///

1 • Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 11th Day of September, 2018.

           LAW OFFICES OF TODD M. FRIEDMAN, P.C.

           By:   /s/ Todd M. Friedman
                   Todd M. Friedman
                   Law Offices of Todd M. Friedman
                   Attorney for Plaintiff